IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Robert Jerome Richardson, | ) | C/A No. 3:17-1337-CMC-PJG |
| Plaintiff, | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| Navient Solutions, Inc., | ) | |
| Defendant. | ) | |

The plaintiff, Robert Jerome Richardson, a self-represented litigant, filed this action pursuant to the Fair Credit Reporting Act ("FRCA"), 15 U.S.C. § 1681, *et seq.* in a Richland County, South Carolina Magistrate's Court. (Case No. 2017CV4010300417.) The action was removed by the defendant, Navient Solutions, Inc. to this court on May 23, 2017 pursuant to 28 U.S.C. § 1331 and § 1441(a). (ECF No. 1.) This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 14.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Defendant's motion. (ECF No. 15.) Plaintiff filed a response in opposition to the motion (ECF No. 28), and Defendant filed a reply (ECF No. 29). Having reviewed the record presented and the applicable law, the court finds Defendant's motion to dismiss should be granted.

## BACKGROUND

Plaintiff indicates he owes a certain sum of money to Defendant.¹ (Compl., ECF No. 1-1 at 1.) He claims Defendant has reported that sum to consumer reporting agencies as $61,184.00 but he believes that sum is inaccurate. (Id.) Plaintiff indicates he informed Defendant by letter of his dispute as to the accuracy of the sum, which Defendant received on June 7, 2016. (Id.) But, Plaintiff claims Defendant did not furnish a "notice of dispute" disclosure to the consumer reporting agencies as required by the FRCA.² (Id.) Plaintiff claims that Defendant's failure to provide the consumer reporting agencies with the notice of dispute disclosure is a violation of federal law and requires Defendant to remove the reported debt. (Id.) Plaintiff seeks damages for this violation, as well as for defamation and "negligent enablement of identity fraud." (Id.)

## DISCUSSION

**A.**     **Rule 12(b)(6) Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to

---

¹ Defendant informs the court that it is the servicer of Plaintiff's student loan debt. (Mem. Supp. Mot. Dismiss, ECF No. 14-1 at 2.)

² The FRCA provides: "If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer." 15 U.S.C. § 1681s-2(a)(3).



reasonably infer that the defendant is liable for the misconduct alleged. Id. When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Erickson, 551 U.S. 89, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Defendant's Motion to Dismiss**

    **1.     FRCA Claim**

Defendant argues Plaintiff's FCRA claim fails as a matter of law. (Mem. Supp. Mot. Dismiss, ECF No. 14-1 at 3.) Though Plaintiff filed a response to Defendant's motion, he does not provide any counter argument in his response. (Pl.'s Resp., ECF No. 28.)

The FCRA imposes duties on the furnishers of consumer credit information, and, pursuant to 15 U.S.C. § 1681n and § 1681o, provides for civil liability for violations of its provisions. Relevant here, 15 U.S.C. § 1681s-2(a)(3) provides, "If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer." But, as argued by Defendant, there is no private right of action under 15 U.S.C. § 1681s-2(a) for failing to disclose a dispute to a reporting agency because the reporting requirements of § 1681s-2(a) are specifically exempted from the civil liability provisions of the FRCA. See § 1681s-2(c)(1); Saunders v. Branch Banking & Tr. Co., 526

PJG

F.3d 142, 149 (4th Cir. 2008). And while the civil liability provisions of the FRCA are actionable for violations of § 1681s-2(b) (concerning investigations of disputes), see Saunders, 526 F.3d at 149, Plaintiff fails to allege any facts that would invoke § 1681s-2(b). Consequently, Plaintiff's Complaint fails to state a claim upon which relief can be granted as to Defendant's purported violation of the FRCA.

    **2.    State Law Claims**

Defendant also argues that Plaintiff's claims of defamation and "negligent enablement of identity fraud" fail to meet the pleading requirements of Federal Rule of Civil Procedure 8. To the extent Plaintiff is attempting to assert a state law claim for defamation the Complaint is devoid of facts that would state a plausible claim for relief. See Iqbal, 556 U.S. at 667-68. Moreover, Plaintiff's claims for "negligent enablement of identity fraud" fails as a matter of law because the claim is not recognized under South Carolina law. See Huggins v. Citibank, N.A., 585 S.E.2d 275, 278 (S.C. 2003) (refusing to recognize the tort of "negligent enablement of imposter fraud").

### RECOMMENDATION

Based on the foregoing, the court recommends Defendant's motion to dismiss (ECF No. 14) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

September 1, 2017
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>Robin L. Blume, Clerk
>United States District Court
>901 Richland Street
>Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).