```
IN THE UNITED STATES DISTRICT COURT
   FOR THE DISTRICT OF SOUTH CAROLINA
           COLUMBIA DIVISION
```

| | |
|---|---|
| Robert Jerome Richardson, | Civil Action No. 3:17-cv-1337-CMC |
| Plaintiff, | |
| vs. | **OPINION AND ORDER** |
| Navient Solutions, Inc., | |
| Defendant. | |

This matter is before the court on Plaintiff's *pro se* Complaint alleging violations of the Fair Credit Reporting Act. ECF No. 1. Defendant Navient Solutions, Inc. ("Defendant") filed a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 14. A *Roseboro* order was entered by the court and mailed to Plaintiff, advising Plaintiff of the importance of a dispositive motion and the need for Plaintiff to file an adequate response. ECF No. 15. Plaintiff filed his response in opposition. ECF No. 28. Defendant filed a reply. ECF No. 29.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2), D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report"). On September 1, 2017, the Magistrate Judge issued a Report recommending Defendant's motion to dismiss be granted. ECF No. 30. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff has filed no objections, and the time to do to has passed.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the

court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After consideration of the record, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees with the Report's recommendation Defendant's motion to dismiss be granted. 15 U.S.C. § 1681s-2(a)(3) does not provide a private right of action. While § 1681s-2(b) does provide a private right of action, Plaintiff has not alleged he has disputed the alleged error on his report to the credit reporting agencies, as necessary to trigger the obligations under § 2(b). As noted in the Report, Plaintiff's state law claims are not cognizable. Accordingly, the court adopts the Report by reference in this Order. Defendant's motion to dismiss (ECF No. 14) is granted and this matter is dismissed without prejudice.

**IT IS SO ORDERED.**

                                      s/ Cameron McGowan Currie
                                      CAMERON MCGOWAN CURRIE
                                      Senior United States District Judge

Columbia, South Carolina
September 26, 2017